UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| KIEVIN DEWAYNE GORDON,<br><br>  Plaintiff,<br><br>v.<br><br>COMMUNITY CORRECTION, *et al.*,<br><br>  Defendants. | No. 5: 22-CV-314-REW<br><br><br><br>MEMORANDUM OPINION<br>AND ORDER |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Plaintiff Kievin Dewayne Gordon is a pre-trial detainee currently confined at the Fayette County Detention Center ("FCDC") in Lexington, Kentucky. Proceeding *pro se*, Gordon filed a civil complaint pursuant to 42 U.S.C. § 1983 against Defendants Community Correction, the Mailing Department, and a Unit Officer (Ibarra). *See* DE 1. By prior Order, the Court granted Gordon's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. DE 10. Thus, the Court must conduct a preliminary review of Gordon's amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A.

Upon initial screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant that is obviously immune from such relief. *See McGore v. Wrigglesworth*, 114 F.3d 601, 607–08 (6th Cir. 1997), *abrogated on other grounds, Jones v. Bock*, 127 S. Ct. 910, 914 (2007). A complaint must set forth claims in a clear and concise manner and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974

1

(2007)); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010); *see also* Fed. R. Civ. P. 8. The Court evaluates Gordon's Complaint under a more lenient standard because he is not represented by an attorney. *See Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 97 S. Ct. 285, 292 (1976)) (finding that *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"). At this stage, the Court accepts Plaintiff's well-pleaded factual allegations as true, and his legal claims are liberally construed in his favor. *See Bell Atlantic Corp.*, 127 S. Ct. at 1964–65; *Erickson*, 127 S. Ct. at 2200 (quoting *Estelle*, 97 S. Ct. at 292) ("A document filed *pro se* is 'to be liberally construed[.]'").

In his Complaint, Gordon alleges that, on September 5, 2022, someone in Cell Unit II-4 at the Community Correction in Lexington, Kentucky,[1] called the crime tip hotline. *See* DE 1 at 3. He then states that "[f]rom their (sic) my civil right were being violated and a Federal Crime of opening my outgoing mail was committed on me. By the Community Correction. And New Vista which is Compcare." *Id*. He claims that the Community Correction staff had no right to open his mail and that doing so was a federal crime and civil violation. *See id*. He also references the Eighth Amendment's prohibition against cruel and unusual punishment. *See id*.

While it is not entirely clear, Gordon then appears to allege that the Operating Director gave the Director of New Vista permission to read his mail and that New Vista came to him and asked him some questions but that he did not know what she was talking about. *See id*. at 3–4. However, he claims that, to "cover themselves," New Vista "made it seem like [he] was needing some observation, which would put [him] under suicide watch." *Id*. at 4. He states that he tried to explain that the purpose of the letter was solely to solicit a response from his son, but the jail still claimed he was suicidal. *See id*. He then claims that he was taken to the Suicide Unit, put into a

---

[1] While it is not entirely clear, Gordon's references to the "Community Correction Center" appear to refer to FCDC. *See* DE 1 at 3.

single cell, and provided with a one-piece clothing suit that wrapped around his body with no sleeves, even though it was cold. *See id*. He further alleges that he was given only one blanket (but no sheet) and was forced to eat with a paper spoon. *See id*. He states that they took his cane, which he needed to move around due to his degenerative disc disease. *See id*. Gordon alleges that this "ordeal" lasted 11 days and was traumatizing. *See id*. He states that, during this time, the Director of New Vista came to see him regarding medicine and told Gordon that someone had tipped off the hotline and "they" were sorry that his rights were violated but were acting on the side of caution. *See id*.

As relief, he seeks punitive damages for the violation of his Eighth Amendment rights and his "civil rights" related to the opening of his mail. *See id*. at 5.

However, Gordon's Complaint will be dismissed for failure to state a claim for which relief may be granted because it fails to adequately allege a constitutional claim against any of the named Defendants. First, neither "Community Correction" (an apparent reference to the FCDC) nor its "Mailing Department" are suable entities apart from the municipality that operates them. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."). Even if the Court were to construe Gordon's claims as being alleged against the Lexington-Fayette Urban County Government ("LFUCG"), they would fail. Because a municipal government is only responsible under 42 U.S.C. § 1983 when its employees cause injury by carrying out the municipality's formal policies or practices, *see Monell v. Dept. of Social Services*, 98 S. Ct. 2018, 2037 (1978), a plaintiff must specify the municipal policy or custom that he alleges caused his injury. *See Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010). That required content is wholly lacking from the Complaint.

3

With respect to Gordon's claims against "New Vista,"[2] a private corporation that performs a public function, such as contracting with the state to provide medical care in its prisons, may be found to act under color of law for purposes of 42 U.S.C. § 1983. *See Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991). Nevertheless, "respondeat superior alone cannot create liability under § 1983." *Id.* at 101. Rather, for a suit to lie against a private corporation, it must act "pursuant to a policy or custom." *Id.* "[J]ust as a municipal corporation is not vicariously liable upon a theory of respondeat superior for the constitutional torts of its employees, a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights." *Iskander v. Vill. of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982) (citing *Monell*, 98 S. Ct. at 2037) (internal citations omitted).

Gordon has not alleged or identified a policy or custom of the LFUCG or of New Vista that resulted in the alleged violation of a constitutional right, but rather seeks to hold the municipality and/or the company liable for the actions of entity employees. Accordingly, Gordon's Complaint fails to state a constitutional claim against either "Community Correction" or New Vista. *See id.*; *Bright v. Gallia Cnty., Ohio*, 753 F. 3d 639, 660 (6th Cir. 2014); *Brown v. Cuyahoga Cnty., Ohio*, 517 F. App'x 431, 436 (6th Cir. 2013).

Nor does Gordon plead a viable constitutional claim against the remaining Defendant, Unit Officer Ibarra. Personal liability in an action brought pursuant to 42 U.S.C. § 1983 hinges upon the defendant official's personal involvement in the deprivation of a plaintiff's civil rights; it "cannot be imposed merely because of the supervisory positions [that] the defendants . . . held." *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003); *see also Polk County v. Dodson*,

---

[2] While Gordon does not list "New Vista" as a Defendant in the body of his Complaint, he does include "New Vista/Case Management Office" as a Defendant in his Complaint style. *See* DE 1 In light of Gordon's *pro se* prisoner status, the Court will broadly construe his Complaint as alleging claims against New Vista.

4

102 S. Ct. 445, 453–54 (1981). Further, federal notice pleading requires, at a minimum, that the complaint advise each defendant of what he or she allegedly did or did not do that forms the basis of the plaintiff's claim against that particular defendant. *See Iqbal*, 129 S. Ct. at 1949 (internal quotation marks omitted) ("[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."); *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) ("[M]ore than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements."); *see also Reilly v. Vadlamudi*, 680 F.3d 617, 626 (6th Cir. 2012) ("Plaintiff must state a plausible constitutional violation against each individual defendant—the collective acts of defendants cannot be ascribed to each individual defendant."). Indeed, "[e]ven a pro se prisoner must link his allegations to material facts . . . and indicate what each defendant did to violate his rights." *Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019).

Here, the only allegation specific to Ibarra is that he witnessed Gordon mail a letter. *See* DE 1 at 2. This vague allegation is insufficient to state any sort of constitutional claim against Ibarra, as merely witnessing Gordon mail a letter does not, under any formulation, violate Gordon's constitutional rights. Because Gordon does not allege that Ibarra was personally involved in any conduct that violated his constitutional rights, his claim against Ibarra fails.

While the Court construes *pro se* pleadings with some leniency, it cannot create claims or allegations that the plaintiff has not made. *See Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975) ("[A] court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading.'"). Gordon's failure to adequately allege a claim for relief against a viable defendant does not gives this Court license to create sufficient allegations on his behalf. *See Martin v. Overton*, 391 F.3d

5

710, 714 (6th Cir. 2004) (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)) ("[L]iberal construction does not require a court to conjure allegations on a litigant's behalf."). For the reasons stated, Gordon's Complaint will be dismissed on initial screening for failure to state a claim for which relief may be granted.

After filing his Complaint, Gordon filed a letter with the Clerk captioned as a "Motion to Act," in which he alleges that an unidentified sergeant violated his due process rights while Gordon was working on his legal work. *See* DE 12 at 1. He also appears to allege that staff has not taken money out of his inmate account in violation of his due process rights. *See id*. However, even if the Court construed Gordon's letter as a request to amend his Complaint, he fails to tender a proposed amended complaint, a necessary step to permit the Court to assess its viability or to ensure that the proposed amendment would not be futile. *See Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 414 (6th Cir. 2014). Moreover, the vague allegations in Gordon's letter are insufficient to state a claim for relief, as he does not identify any particular defendant against whom he seeks to assert his claims, nor is the factual basis of Gordon's potential claims anything approaching clear. For these reasons, Gordon's "Motion to Act" will be denied.

Accordingly, the Court **ORDERS** as follows:

1. The Court **DISMISSES** DE 1, Gordon's Complaint, **without prejudice** for failure to state a claim for which relief may be granted. The dismissal is without prejudice because the Court acts on initial screening and determines, in its discretion, that such manner of dismissal is appropriate;

2. The Court **DENIES** DE 12, Gordon's Motion to Act;

3. The Court **DIRECTS** the Clerk to strike this matter from the Court's active docket; and

4. Judgment shall be entered contemporaneously herewith.

This the 23rd day of August, 2023.

Signed By:
Robert E. Wier
United States District Judge